IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0716 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| RUFUS RODGERS, | |
| Defendant. / | |

On April 7, 2009, the Court held a final pretrial conference in the above captioned matter. All parties were represented by counsel. The following matters were resolved:

1.  **Trial schedule**: Jury trial was to commence on April 20, 2009. With the consent of counsel based on the need for effective preparation of defense counsel, in light of new developments, the trial was continued to Wednesday, May 6, 2009 at 8:30 a.m. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 11:45 a.m. and a 15 minute break at 2:00 p.m., all times approximate.

2.  **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

3.  **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

**4.     Jury instructions**: The Court received proposed jury instructions from the parties. Instructions will be finalized at a conference during trial.

**5.     Trial exhibits**: No later than May 4, 2009, the government shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

**6.     Motions in limine**:   The government filed four motions *in limine*, as follows:

1. To preclude any reference to punishment in the jury's presence: This matter is taken under advisement at this time, for further consideration in light of *United States v. Polizzi*, 549 F.Supp.2d 308 (E.D.N.Y. 2008) and other references.

2. To limit opening statements to anticipated evidence:  All counsel are directed to conduct this trial in an ethical manner; no counsel should refer in opening statements to evidence which counsel does not reasonably anticipate will be introduced at trial.

3. To permit expert testimony: This matter will be considered and ruled upon at time of trial.

4. To permit introduction of 404(b) evidence: The referenced prior act evidence may not be introduced or referred to at trial absent prior permission of the Court.

The defendant moved *in limine* to exclude reference to his prior convictions. The Court orders that should defendant testify, the government may impeach him with his 2004 felony conviction, but may not identify the nature of the prior offense. The government may not use the 2000 conviction for any purpose, absent further order of Court.

**7. Other matters**: The parties are ordered to contact Magistrate Judge Spero to conduct a settlement conference as soon as possible.

**IT IS SO ORDERED.**

Dated: April 7, 2009

SUSAN ILLSTON
United States District Judge

2