United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>RODGERS,<br><br>        Defendant. | Case No. 08-cr-00716-SI-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Re: Dkt. No. 131 |

On June 17, 2009, defendant Rufus Rodgers submitted an application to plead guilty to a one-count indictment for possession with intent to distribute at least five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Dkt. Nos. 5, 108. On October 9, 2009 the Court sentenced defendant to 108 months imprisonment. Dkt. No. 120. Defendant's adjusted offense level was 21, including a three-level reduction for acceptance of responsibility. *See* Presentence Report ("PSR") ¶ 21. Defendant's offense level increased to 31 (including a three-level reduction for acceptance of responsibility) based on his designation as a Career Offender under the United States Sentencing Guidelines ("U.S.S.G."). PSR ¶¶ 22-24. Defendant's criminal history category was VI. PSR ¶ 37. A criminal history category of VI and an offense level of 31 resulted in a U.S.S.G. range of 188-235 months imprisonment. PSR ¶ 71; U.S.S.G. § 5C1.1(f); U.S.S.G. Ch. 5, Pt. A. After considering sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced defendant to 108 months. Dkt. No. 120. According to previous filings, defendant currently has an estimated release date of January 18, 2017. Opp'n to Mot. to Stay (Dkt. No. 137) at 6.

On June 13, 2016, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. No. 131.

1    The government opposed defendant's motion and asked the Court to stay these proceedings
2    pending the Supreme Court's ruling in *Beckles v. United States*, No. 15-8544, *cert granted*, 136 S.
3    Ct. 2510 (2016). Dkt. Nos. 136-37. The Court finds this matter appropriate for decision without
4    oral argument. Based on the arguments presented in the papers, the Court DENIES the
5    government's motion to stay and DENIES defendant's motion to vacate, set aside, or correct his
6    sentence.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* § 2255(a). If the court finds that relief is warranted under section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner[, ] resentence him[, ] grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

### I.     Defendant's motion

Defendant seeks to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant challenges the Court's sentence in light of the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and therefore void. 135 S. Ct. at 2557. The ACCA defines a "violent felony" as:

>     any crime punishable by imprisonment for a term exceeding one

2

> year, or any act . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion italicized above is known as the ACCA's "residual clause." The *Johnson* Court held that the ACCA's residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57 (citations and internal quotation marks omitted). The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. For these reasons, *Johnson* found that "increasing a defendant's sentence under the [ACCA's residual] clause denies due process of law." *Id.*

Defendant argues that he is entitled to relief because the U.S.S.G. calculation underlying his sentence relied on the same definition of "crime of violence" that the Supreme Court found unconstitutionally vague in *Johnson*. Mot. (Dkt. No. 131) at 3-4. Defendant's sentence was enhanced under the Career Offender guideline, U.S.S.G. § 4B1.1(b), based on prior convictions for a controlled substance offense and a crime of violence. PSR ¶ 22. Section 4B1.2 defines a "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 4B1.2(a) (emphasis added). A defendant's prior conviction can qualify as a "crime of violence" in one of three ways: (1) by satisfying the "force clause" under U.S.S.G. § 4B1.2(a)(1); (2) if the offense is an enumerated offense under U.S.S.G. § 4B1.2(a)(2); or (3) by satisfying the residual clause under U.S.S.G. § 4B1.2(a)(2).

Defendant's two prior convictions, which led to the career offender enhancement, were (1) a controlled substance offense; and (2) a "crime of violence"; namely, assault under California Penal Code § 245(a). PSR ¶ 33. Defendant states that the Court should vacate and correct his

3

1 sentence because his sentence is now invalid, arguing that assault under California Penal Code
2 § 245(a) is not a "crime of violence" post-*Johnson*. Defendant argues that without the career
3 offender enhancements for his prior convictions and the revised crack cocaine guidelines, his
4 criminal history category would have been V, his adjusted base offense level would have been 13
5 (including a three-level reduction for acceptance of responsibility), and his sentencing range 30-77
6 months. Mot. (Dkt. No. 131) at 2.

7 The government argues that defendant is not entitled to relief for three reasons. First, the
8 government argues that defendant procedurally defaulted his *Johnson* claim and cannot show
9 cause and prejudice. Opp'n (Dkt. No. 136) at 4. Second, the government contends that *Johnson*
10 "is not retroactive to challenges to the [Sentencing] Guidelines." *Id.* at 8. Lastly, the government
11 argues that despite the potential invalidity of U.S.S.G. § 4B1.2(a)(2)'s residual clause, assault with
12 a deadly weapon is a "crime of violence" under the "elements clause" (or "force clause") of
13 U.S.S.G. § 4B1.2(a)(1) and "*Johnson* did not disturb that conclusion." *Id.* at 1, 13-15. The Court
14 declines to reach the government's first two arguments because it agrees that assault with a deadly
15 weapon or force likely to produce great bodily injury, Cal. Penal Code § 245(a), is a crime of
16 violence under the force clause. For the reasons set forth below, the Court DENIES defendant's
17 motion.

18

19 **II.     Assault under California Penal Code § 245(a)**

20 Defendant argues that "section 245(a) . . . cannot qualify [as a crime of violence] under the
21 force clause because *Johnson* invalidates the reasoning of Ninth Circuit cases holding that section
22 245(a) so qualified." Defendant argues that "[b]ecause section 245(a) does not require the State to
23 prove the intentional use of force, it no longer qualifies as a crime of violence post-*Johnson*."
24 Mot. (Dkt. No. 131) at 8.

25 Defendant acknowledges that in *United States v. Grajeda*, the Ninth Circuit held that
26 "assault with a deadly weapon or by means of force likely to produce great bodily injury under
27 section 245(a)(1) categorically qualifie[s] as a crime of violence under the force clause of U.S.S.G.
28 § 2L1.2." 581 F.3d 1186, 1196-97 (9th Cir. 2009); Mot. (Dkt. No. 131) at 9. Section 2L1.2 of the

United States District Court
Northern District of California

1 U.S.S.G. uses the same language in its force clause as U.S.S.G. § 4B1.2, stating that a crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person of another." Defendant argues that *Grajeda* relied on the reasoning in *United States v. Heron-Salinas*, which in turn "relied exclusively on the residual clause found in [18 U.S.C.] § 16(b) . . . ." *Id.* at 10. Defendant contends that because the Ninth Circuit struck down 18 U.S.C. § 16(b) for vagueness post-*Johnson*, the analysis in *Heron-Salinas* is invalid and that, therefore, *Grajeda* is no longer good law. *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (striking down 18 U.S.C. § 16(b)), *cert granted*, 137 S. Ct. 31 (Sept. 29, 2016).

In *United States v. Heron-Salinas*, the Ninth Circuit held that "a conviction for assault with a firearm under California Penal Code section 245(a)(2) is categorically a 'crime of violence'" as defined by 18 U.S.C. § 16. 566 F.3d 898, 899 (9th Cir. 2009). Section 16 defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The *Heron-Salinas* court noted that "[u]nder a plain reading of the statute, the elements of assault with a firearm—an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another with a firearm—satisfy the requirements of section 16(a) and (b)." 566 F.3d at 899.

The provision at issue in *Grajeda*, U.S.S.G. § 2L1.2, does not contain a residual clause. There, the court found that a violation of California Penal Code § 245(a) qualified as a crime of violence under the force clause in § 2L1.2, which is identical to the force clause in the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(1). *See Grajeda*, 581 F.3d at 1192 ("[S]ection 245(a)(1) requires that the assault be committed either (1) 'with a deadly weapon or instrument' or (2) 'by any means of force likely to produce great bodily injury.' If the conviction is based on 'force likely to produce great bodily injury,' such force . . . represents 'actual force' that is violent in

5

nature."). The *Grajeda* court stated that *Heron-Salinas* "specifically rejected the argument that California assault does not require the necessary *mens rea* to qualify as a crime of violence." *Id.* at 1196. Moreover, the *Grajeda* panel considered the fact that § 2L1.2 does not have a residual clause but noted that it would still rely on *Heron-Salinas*, which found that California Penal Code section 245(a)(2) was a crime of violence under § 16(a), a provision that is "materially the same" and "subject to the same construction" as the force clause in § 2L1.2. *Id.* Accordingly, defendant's argument that *Heron-Salinas* was based only on the residual clause is foreclosed by *Grajeda*.

The government argues that because *Grajeda*'s holding was limited to finding that California Penal Code § 245(a) involves "the use, attempted use, or threatened use of physical force against the person of another[,]" the invalidation of the residual clauses in *Johnson* and *Dimaya* does not undermine or overrule the holding in *Grajeda*. The Court agrees with the government and finds that *Grajeda* remains good law. S*ee United States v. Garcia-Galiana*, No. 15-110-LHK, 2016 WL 879832 (N.D. Cal. Mar. 8, 2016) (holding that conviction under Cal. Penal Code § 245(a)(1) remains a crime of violence under U.S.S.G. § 2L1.2 despite *Dimaya*).

Because assault under California Penal Code § 245(a) is a crime of violence under the Career Offender Guideline's force clause, the Court DENIES defendant's motion.

This order resolves Dkt. No. 131.

**IT IS SO ORDERED**.

Dated: December 19, 2016

SUSAN ILLSTON
United States District Judge